# First National Bank of Allegheny *v.* Joseph Fleming & Son Company, Incorporated, Appellant.

*Corporations—By-laws—Powers of officers—Checks.*

The proceeds of a note discounted by a bank were passed to the credit of a corporation engaged in a wholesale liquor business. The by-laws of the corporation provided that checks should be signed by the secretary or treasurer, and countersigned by the president or vice president. The president and secretary executed a power of attorney in the name of the company empowering a person described as a "manager" to sign checks on the company's account. There was no resolution of the directors authorizing this act. It appeared that the so-called manager conducted a business of selling imported beer for his own account under the name of "Manager of Foreign Beer Department," preceding the name of the corporation. He used the name of the corporation in his business, and the directors knew that he did so. The object of this arrangement was to conceal the fact that the so-called manager was violating the liquor laws by selling liquor without a license. *Held*, that the bank which had paid out moneys on the "manager's" checks, had a right to assume that such person was conducting a department of the corporation's business, and that in checking out money he was checking the money for the corporation.

Argued Oct. 25, 1909. Appeal, No. 154, Oct. T., 1909, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1905, No. 181, on verdict for plaintiff in case of First National Bank of Allegheny v. Joseph Fleming & Son Company, Incorporated. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit against the indorser of a promissory note.

At the trial the jury returned a verdict for plaintiff for $1,752.79.

On motion for judgment for defendant non obstante veredicto, EVANS, J., filed the following opinion:

The facts in this case are not in dispute. On July 9, 1904, one E. Heineman executed his promissory note and delivered the same to George S. Fleming, and said note, indorsed by

George S. Fleming, and E. Bluthardt and by Joseph Fleming & Son Company, incorporated, by George S. Fleming, president, and E. T. Heineman, manager, was discounted by the plaintiff bank, and the proceeds of the note placed to the credit of Joseph Fleming & Son Company, incorporated, imported beer department. The note was not paid at maturity, to wit, October 10, 1904. On July 16, the plaintiff received a power of attorney in writing signed by Joseph Fleming & Son Company, incorporated, by George S. Fleming, president, and J. J. Holland, secretary, impowering E. T. Heineman, manager foreign beer department, to sign checks on the account representing the proceeds of this note, and with the exception of a balance of $58.00 the entire amount was checked out on checks so signed by Heineman. There was no resolution of the board of directors authorizing George S. Fleming, as president, to so indorse the note, and there was no resolution of the board of directors authorizing Fleming and Holland, as president and secretary, to execute the power of attorney. E. T. Heineman was conducting the business of selling imported beer for his own account under the name of manager of the foreign beer department, Joseph Fleming & Son Company. He conducted this business for several months, but was never authorized to so conduct the business by resolution of the board of directors of Joseph Fleming & Son Company. The by-laws of Joseph Fleming & Son Company on the powers of the president and secretary, so far as they relate to the questions involved in this case, are as follows: "All checks of the Company shall be signed by the Secretary or Treasurer and countersigned by the President or Vice-President. Bills payable and bills receivable of the Company shall be signed and indorsed by the President or the Vice-President."

For the purposes of this case, we might pass by the question as to whether the president of the defendant corporation had authority to indorse the note that was discounted by the plaintiff bank, upon which suit is brought in this case. The proceeds of that note were placed to the credit of the defendant corporation, and the acceptance of the proceeds of that note, if nothing else intervened to relieve the corporation, would

seem to be a ratification of the act of its president in indorsing the note, and make the corporation liable for its payment. But it is alleged that the corporation never authorized the president and secretary to execute a power of attorney to E. T. Heineman to check out the proceeds of that note, and that the bank ought to have known that the power of attorney was a misappropriation of the funds of the defendant corporation by its president and secretary. The by-laws of the corporation authorize the president and secretary to sign checks, and if the president and secretary had authority to draw this money out of bank on checks signed by them, they certainly had power and authority to delegate the power to some other person to sign these checks. But was there any misappropriation of funds, so far as the defendant corporation is concerned, by the secretary and president, authorizing E. T. Heineman, "Manager foreign beer department," to sign checks on the proceeds of this note? Joseph Fleming & Son Company was engaged in the wholesale liquor business. E. T. Heineman was conducting a business without a license, which consisted in the sale of imported beer. He was conducting that business under the name of Joseph Fleming & Son Company, and, so far as the public knew, was conducting it as manager for that corporation. He was protected from prosecution for violation of the liquor laws by the license of Joseph Fleming & Son Company. Conducting his business under the name of "Manager of foreign beer department, Joseph Fleming & Son Company," was unquestionably done for the purpose of evading prosecution for the violation of the liquor laws. It is true he was not authorized by resolution of the board of directors to conduct that business, as he did, but he conducted that business for several months, with an office at Joseph Fleming & Son Company's place, sending out stationery and bills with the name of "Joseph Fleming & Son Company, Incorporated" upon them, and the members of the board of directors knew that he was so conducting his business. This was peculiarly a case, where the public had a right to assume that a man who was so conducting a business with his office at the defendant's place of business, was, in fact, conducting that business for the

defendant, and the bank had the right to assume that the foreign beer department, conducted by E. T. Heineman, was a department of the defendant corporation, and that the checking of the money by Heineman was a checking of the money for the defendant company.

The motions for judgment non obstante veredicto and for new trial ex parte defendant are refused.

*Error assigned* was in refusing binding instructions for defendant.

*Leonard S. Levin,* for appellant, cited: Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; Worthington v. Ry. Co., 10 Pa. Superior Ct. 117.

*J. B. Orr,* for appellee, cited: Turnpike Co. v. Pass. Ry. Co., 194 Pa. 144; New York, etc., R. R. Co. v. Schuyler, 34 N. Y. 30; North River Bank v. Aymar, 3 Hill (N. Y.), 262; People's Bank v. Kurtz, 99 Pa. 344; Manhattan Hardware Co. v. Phalen, 128 Pa. 110; Gunster v. Scranton, etc., Co., 181 Pa. 327; Bryan v. Bank, 205 Pa. 4; Franklin Ins. Co. v. Bradford, 201 Pa. 32; Brindley v. Walker, 221 Pa. 287.

PER CURIAM, January 3, 1910:

The judgment is affirmed on the opinion of the learned judge of the common pleas.